1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   POLLY JOHNSON,                          No.  2:19-CV-1193-MCE-DMC

12            Plaintiff,

13        v.                                 <u>ORDER</u>

14   LAKE SHASTINA POLICE
     DEPARTMENT, et al.,

15
              Defendants.
16

17

18          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

19   Court is Defendants' unopposed motion, ECF No. 15, to compel Plaintiff to attend her deposition.

20   The matter was submitted on the papers without a hearing.

21          The purpose of discovery is to "remove surprise from trial preparation so the

22   parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v.</u>

23   <u>Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

24   26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

25   permitted:

26          Parties may obtain discovery regarding any nonprivileged information that
            is relevant to any party's claim or defense and proportional to the needs of
27          the case, considering the importance of the issues at stake in the action, the
            amount in controversy, the parties' relative access to relevant information,
28          the parties' resources, the importance of the discovery in resolving the

                                             1

1
2

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

3

Fed. R. Civ. P. 26(b)(1).

4

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

5

may move for an order compelling an answer, designation, production, or inspection." Fed. R.

6

Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

7

incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

8

discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

9

Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

10

Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

11

The party moving to compel bears the burden of informing the court (1) which

12

discovery requests are the subject of the motion to compel, (2) which of the responses are

13

disputed, (3) why the party believes the response is deficient, (4) why any objections are not

14

justified, and (5) why the information sought through discovery is relevant to the prosecution of

15

this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016

16

WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC,

17

2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

18

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of

19

Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden

20

of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter,

21

the party opposing discovery has the burden of showing that the discovery should be prohibited,

22

and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No.

23

07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14,

24

2009) (internal citation omitted).

25

Defendants have established by way of declaration that Plaintiff has failed to

26

appear for her properly noticed deposition.  See ECF No. 16-1.  Clearly, the deposition of a

27

plaintiff in a civil action is a means of seeking relevant discovery.  The Court thus finds that

28

Defendants have met their burden on the instant motion to compel.  Plaintiff has not filed any

2

opposition.  Defendants' motion will be granted and Plaintiff will be ordered to attend a properly

noticed deposition.

Pursuant to Federal Rule of Civil Procedure 37(d)(3), the Court will also award

Defendants reasonable fees and costs associated with the instant motion.  Defense counsel states

he charges $285.00 per hour for his services, and that he expended four hours in preparation of

Defendants' motion to compel.  See ECF No. 16-1, pg. 6.  The Court will, therefore, order

Plaintiff to pay sanctions in the amount of $1,140.00.

Plaintiff is cautioned that failure to comply with any portion of this order may, on

appropriate motion, be grounds for terminating and other allowable sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendants' motion to compel, ECF No. 15, is granted;

2.      Plaintiff shall attend her properly noticed deposition within 60 days of the

date of this order; and

3.      Plaintiff shall pay to Defendants sanctions in the amount of $1,140.00

within 60 days of the date of this order.

Dated:  August 18, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3